### In re GREENSTEIN.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

ATTORNEY AND CLIENT (§ 53*)—DISBARMENT.

In proceedings for the disbarment of an attorney, evidence *held* to show violation of Judiciary Law (Consol. Laws, c. 30) § 479, in using the name of another attorney in an action, justifying disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 75; Dec. Dig. § 53.*]

In the matter of the application of the Bar Association of New York City to disbar Maurice M. Greenstein. Application granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry A. Stickney, for petitioner.
Eliss Rosenthal, for respondent.

INGRAHAM, P. J. The Bar Association of the City of New York have charged the respondent with having undertaken to institute an action to obtain an injunction against one Adolph Schwartz on behalf of one Annie Smoke, from whom he received a retainer; that he received her signature on a blank piece of paper, to be used in obtaining a bondsman for use in the suit which he undertook to bring; that, instead of using it for that purpose, he wrote above the signature of Annie Smoke a release of all her claim against Schwartz, and delivered such release to Schwartz; that, instead of bringing the action

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which he had agreed to bring, he prepared the papers, but signed the name of one Michael H. Wolfe as attorney for said Annie Smoke, without Wolfe's knowledge or consent, or without his authority; that subsequently he signed the name of Wolfe to a consent to discontinue the action, signing his own name as attorney for Schwartz, and upon that consent obtained an order of discontinuance.

The case was referred to a referee, who has most carefully inquired into the truth of these charges, and has found that the charges are all sustained. The report is a very careful recapitulation of the testimony. He finds that the charge that the respondent procured the signature of Annie Smoke to a blank piece of paper to be filled for the purpose of obtaining a bondsman, and afterwards filled in over her signature a release of all her claims against the said Schwartz, and that the respondent delivered the said paper to Schwartz without her knowledge and consent, is sustained. Upon the second charge he reports that he is of the opinion that the evidence sustained the charge that the respondent agreed to bring an action against Schwartz on behalf of Annie Smoke, and failed to institute such action, but prepared certain papers in an action purporting to be brought by one Michael A. Wolfe as attorney for said Smoke, and that at the time the said papers were prepared Wolfe had no knowledge of the preparation thereof, or of the use of his name as attorney for the said Smoke, and that the said Wolfe at no time authorized the respondent, or any other person, to use his name as attorney for the plaintiff in said action. In relation to the third charge, the referee states that in his opinion this charge is sustained by the evidence. And as a conclusion he states that, after a consideration of all the testimony, he is of the opinion that the charges are all sustained, and that the respondent has been guilty of fraud, deceit, malpractice, and gross unprofessional conduct in his office of attorney and counselor at law.

A statement of the charges and the finding of the referee are sufficient to require the court to disbar the respondent, if the conclusions of the referee are sustained by the evidence. Michael H. Wolfe, the attorney whose name the respondent used, an apparently disinterested witness, testified that the respondent used Wolfe's name as an attorney for the plaintiff in an action commenced by the respondent without the consent of Wolfe. Such a proceeding is expressly prohibited by section 479 of the judiciary law (chapter 35 of the Laws of 1909; Consol. Laws, c. 30). The respondent admits that he subscribed Wolfe's name to the summons and complaint and on other papers upon which an injunction was obtained, but that it was done with Wolfe's consent. Upon his own testimony the respondent is guilty of a violation of section 479 of the judiciary law. The respondent tells a remarkable story in relation to this release. Upon the paper that he delivered to Schwartz, which should have been the original, and which was actually signed by Mrs. Smoke, he admits that he wrote the name of a notary public before whom the instrument purported to have been acknowledged. He claims that there was another original upon which the notary wrote his name, and he seems to wish it to be inferred that that original was delivered to Mrs. Smoke, while the paper upon

which he wrote the notary's name was delivered to the person in whose favor the release ran as an original. It was to this paper that he affixed the notary's name. It is unnecessary, however, to analyze this testimony. An examination of it has satisfied me that the referee was clearly right in the conclusion to which he arrived, and that his report should be confirmed.

It followed that the respondent is not a proper person to be an attorney and counselor at law, and his disbarment is therefore ordered. All concur.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.